# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LLOYD HOPKINS,

    Plaintiff,

v.                                                     Case No. 22-CV-850

UNITED STATES POSTAL SERVICE,

    Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On July 1, 2022, Lloyd Hopkins filed an action against the United States Postal Service ("USPS") in Racine County Small Claims Court, Case No. 22SC1692 alleging that the USPS "stole $180.00" from him, apparently for a "one year subscription" for a post office box. (Docket # 1-2.) On July 26, 2022, the USPS removed the action to federal court. (Docket # 1.) On September 2, 2022, the USPS moved to dismiss Hopkins' complaint both for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) based on Hopkins' failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 28 U.S.C. §§ 2671-2680. (Docket # 6.) The USPS subsequently clarified that it was withdrawing its argument for dismissal under Rule 12(b)(1), as the Seventh Circuit no longer treats the administrative claim requirement of § 2675(a) as a jurisdictional prerequisite. (Docket # 8.)

On September 13, 2022, Hopkins filed in this Court seemingly unrelated documents from an action filed in Cook County Circuit Court. (Docket # 11.) The Court held a status conference in this case on September 26, 2022; however, Hopkins failed to appear. (Docket

# 12.) Hopkins has not timely responded to the USPS' motion to dismiss. For the reasons explained below, the USPS' motion to dismiss is granted and Hopkins' complaint is dismissed, without prejudice.

## LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

As an initial matter, Hopkins' complaint against the USPS—that it "stole" $180.00 from him as a subscription fee for renting a post office box, can only be reasonably construed as sounding in the tort of conversion. However, because the United States is sovereign and

immune from being sued without its consent, *see Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002), Hopkins must bring his claim pursuant to the FTCA, a statute in which Congress waived the Government's sovereign immunity by providing an exclusive remedy for certain torts of federal employees acting within the scope of their employment, 28 U.S.C. §§ 2671 *et seq*. The FTCA applies to tort claims brought against the USPS. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

Construing, then, Hopkins' complaint under the FTCA, several issues emerge. First, claims under the FTCA lie within the exclusive jurisdiction of the federal courts. *See* 28 U.S.C. § 1346(b)(1). When a state court case against the United States is removed pursuant to 28 U.S.C. § 1442(a), as it was here, "the federal court's jurisdiction is derivative of that of the state court." *Bilgo v. United States Postal Serv.*, No. 20-CV-606, 2020 WL 3470252, at *2 (E.D. Wis. June 25, 2020) (internal quotation and citation omitted). Because claims under the FTCA lie within the exclusive jurisdiction of the federal courts, the Racine County Circuit Court lacked jurisdiction in the first instance over Hopkins' complaint. "Because the state court did not have subject-matter jurisdiction over [plaintiff's] FTCA suit, this court did not acquire jurisdiction when the Postal Service removed it to federal court under § 1442(a)(1), even though jurisdiction would have been proper had the suit originally been commenced here." *Id.* This defect, however, is not fatal to subject-matter jurisdiction, and Hopkins could resolve it by filing an amended complaint that properly "engages with the federal court's jurisdiction." *Hammer v. United States Dep't of Health & Hum. Servs.*, 905 F.3d 517, 535 (7th Cir. 2018).

Second, Hopkins sues the incorrect party. The United States of America is the only proper defendant in an action under the FTCA, not the USPS. 28 U.S.C. § 2679(b)(1); *Jackson*

*v. Kotter*, 541 F.3d. 688, 693 (7th Cir. 2008). Again, this issue is not fatal, as Hopkins could simply amend his complaint to name the correct party.

However, even if Hopkins amended his complaint to correctly "engage with the federal court's jurisdiction" and to name the correct defendant, Hopkins must still contend with a third issue, the fact that the FTCA requires the exhaustion of administrative remedies prior to suing the federal government in tort. 28 U.S.C. § 2675(a); *see also Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1135 (7th Cir. 2001); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Specifically, the exhaustion requirement reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). While the Seventh Circuit no longer treats § 2675(a) as a jurisdictional prerequisite, administrative exhaustion is a "condition precedent to the plaintiff's ability to prevail." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786–87 (7th Cir. 2014) (internal citation omitted). In other words, Hopkins must first exhaust his administrative remedies prior to filing suit in federal court against the United States.

On its face, Hopkins' complaint is silent as to administrative exhaustion. However, the USPS also provides no information as to whether it has any record of Hopkins filing an administrative claim. Had it done so, I could have taken judicial notice of the fact without converting the motion to dismiss into one for summary judgment. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) ("[I]n resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.") (citations omitted); *see also*

*Feistel v. United States Postal Serv.*, Case No. 08-CV-75, 2008 WL 2048278, *1, 2008 U.S. Dist. LEXIS 121259, *3–4 (E.D. Wis. May 12, 2008) (taking judicial notice of Plaintiff's failure to exhaust). However, beyond Hopkins' failure to plead administrative exhaustion in his complaint, he failed to respond to the USPS' motion to dismiss or appear at the noticed status conference. If Hopkins had evidence that he had, indeed, exhausted his administrative remedies, he had ample opportunity to present it. For these reasons, the USPS' motion to dismiss is granted and Hopkins' complaint is dismissed, without prejudice.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (Docket # 5) is **GRANTED**. Plaintiff's complaint is dismissed without prejudice. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of October, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge